Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ELVIN O. VÉLEZ CEDEÑO; RAMÓN L. HÉRNANDEZ MANZÁN; ORLANDO MONROIG ADAMES; AUSBERTO SANTIESTEBAN RODRÍGUEZ; SHELLEY ANN TERREFORTE; RAMÓN L. FLORES JORGE; ANTONIO SOSA RUIZ; HERIBERTO FIGUEROA MARRERO; ANÍBAL APONTE MARTÍNEZ; JEANNETTE VÉLEZ PLAZA; JOHN C. ICE ACEVEDO; LILIBETH TORRES ALVARADO; MIGUEL SÁNCHEZ VÉLEZ; IRIS JUSINO NAZARIO; JAYSON ROSA IGLESIAS; ÁNGEL L. RAMÍREZ ARROYO; CARLOS R. SEGARRA ENRÍQUEZ; ÁNGEL R. RAMOS PABÓN; WALLECE G. LÓPEZ LAÓ<br><br>Peticionarios<br><br>V.<br><br>AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS<br><br>Recurrido | KLRA202300631 | Revisión Administrativa procedente de la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados<br><br>Apelaciones Núm. OA-22-029; OA22-030; OA-22-031; OA-22-032; OA-22-033; OA-22-034; OA-22-035; OA-22-036; OA-22-037; OA-22-038; OA-22-039; OA-22-040; OA-22-041; OA-22-042; OA-22-043; OA-22-044; OA-22-048; OA-22-049; OA-22-050 (Casos Consolidados)<br><br>Sobre: Revisión Judicial de Resolución Administrativa en relación con Impugnación de Escala Salarial |

Panel integrado por su presidente, el Juez Sánchez Ramos, Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de febrero de 2024.

Comparecen ante nosotros Elvin O. Vélez Cedeño, Ramón L. Hernández Marzán, Orlando Monroig Adames, Shelley Ann Terreforte, Ramón L. Flores Jorge, Antonio Sosa Ruiz, Aníbal Aponte Martínez, Jeannette Vélez Plaza, John C. Ice Acevedo; Lilibeth Torres

Alvarado, Miguel Sánchez Vélez; Iris Jusino Nazario, Jayson Rosa Iglesias, Ángel L. Ramírez Arroyo, Carlos R. Segarra Enríquez, Ángel R. Ramos Pabón, Wallece G. López Laó, Ausberto Santiesteban Rodríguez y Heriberto Figueroa Marrero (en adelante, parte recurrente o recurrentes) mediante un recurso de *revisión judicial*. Solicitan que revisemos una *Resolución Respecto a Solicitud de Reconsideración* dictada el 8 de noviembre de 2023, y notificada el 10 de noviembre de 2023, por la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados (en adelante, Oficina de Apelaciones o parte recurrida).[1] Mediante dicho dictamen, la parte recurrida declaró "no ha lugar" una *Moción Señalando Defecto en Notificación y de Reconsideración* al reafirmar su posición de no poseer jurisdicción sobre la materia objeto del reclamo de los recurrentes.

Por los fundamentos que expondremos a continuación, *revocamos* la determinación de la Oficina de Apelaciones. Explicamos.

**-I-**

El 16 de junio de 2022, la presidenta de la Autoridad de Acueductos y Alcantarillados (en adelante, AAA), la ingeniera Doriel Pagán Crespo, sometió ante la Junta de Gobierno de la Autoridad de Acueductos y Alcantarillados (en adelante, Junta de Gobierno) una *Petición de Aprobación para Implementar las Estructuras Salariales Propuestas para los Servicios de Confianza Administrativo, Carrera Gerencial, Unidad Apropiada de Empleados Profesionales, Representados por la HIEPPAAA y la Unidad Apropiada de Empleados Diestro, Semi Diestros y no Diestros, Representada por la UIA.*[2] A través de esta petición, la Presidenta Ejecutiva solicitó a la

---

[1] Apéndice del *Recurso de Revisión* de la parte recurrente, págs. 2097-2099.
[2] *Íd.*, págs. 2021-2023.

Junta de Gobierno implementar una revisión de la escala salarial vigente en la AAA.

En atención a la solicitud de la Presidenta Ejecutiva, el 17 de junio de 2022, la Junta de Gobierno aprobó la Resolución Núm. 3302.[3] La referida resolución enmendó la Resolución Núm. 2342 del 30 de octubre de 2007[4], con el fin de establecer nuevos tipos mínimos y máximos de escalas retributivas salariales de los empleados gerenciales y administrativos de carrera, no cubiertos por convenios colectivos. Cabe resaltar que, la Junta de Gobierno aprobó la Resolución Núm. 3302 conforme al análisis realizado por la compañía Meléndez, Bravo y Asociados, Inc.[5]

Así las cosas, el 22 de junio de 2022, la Presidenta Ejecutiva emitió una comunicación en la que informó que implementaría los cambios salariales establecidos en la Resolución Núm. 3302.[6] Posteriormente, la Directora de Recursos Humanos de la AAA, la señora Waleska López Farla, notificó a los recurrentes de manera individual sobre el beneficio salarial particular que recibirían, según los parámetros aprobados por la Junta de Gobierno. Además, les advirtió acerca de su derecho a solicitar una revisión administrativa ante un Comité de Revisión creado por la AAA para esos fines, dentro de un término de veinte (20) días laborales a partir del recibo de la notificación.[7]

De acuerdo con lo anterior, todos los recurrentes solicitaron una revisión administrativa ante el Comité de Revisión en la que

---

[3] *Íd.*, págs. 1991-1997.

[4] Cabe señalar que, la Resolución Núm. 2342 autorizó la implementación del Plan de Clasificación y Retribución de 2007 aplicable a todos los empleados no cubiertos por convenios colectivos.

[5] Véase el *Informe Final Proyecto Desarrollo de nuevas estructuras salariales para el servicio de confianza, carrera gerencial, unidad de apropiada de empleados profesionales representada por la HIEPAAA y la unidad apropiada de empleados diestros semi diestros y no diestros, representada por la UIA de la AAA* del *Recurso de Revisión*, págs. 1998-2019.

[6] *Íd.*, pág. 2033.

[7] *V*éase a modo de ejemplo la notificación realizada a una de las recurrentes, la ingeniera Shelley Ann Terreforte. Apéndice del *Recurso de Revisión*, págs. 2034-2035.

objetaron el cambio de salario aplicado a sus sueldos actuales. En síntesis, argumentaron que: (1) el cambio salarial se hizo en violación de los reglamentos de la AAA; (2) el salario fue ajustado utilizando un marco legal que no era aplicable a sus situaciones particulares; y (3) la evaluación del puesto que ocupan como Gerentes Técnicos no fue realizada de manera adecuada.

A partir del mes de agosto de 2022, la Directora de Recursos Humanos notificó individualmente a cada recurrente sobre la decisión de la AAA. En específico, el Comité de Revisión de la AAA concluyó que los reclamos no procedían debido a que la Resolución Núm. 3302 solamente autorizó implementar una revisión y un ajuste a las escalas retributivas existentes y no autorizó establecer un nuevo plan de clasificación y retribución. Asimismo, sostuvo que la adjudicación del tipo intermedio o el máximo de la escala no está considerada entre las funciones delegadas al Comité de Revisión. **Por último, detalló que, de no estar conforme con la determinación, tendrían derecho a presentar su apelación ante la Oficina de Apelaciones de la AAA dentro de diez (10) días laborables siguientes a la fecha del recibo de la notificación, según dispone la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para todos los empleados regulares no cubiertos por convenios colectivos**.[8]

Eventualmente, durante el mes de diciembre de 2022, cada recurrente presentó un recurso de apelación ante la Oficina de Apelaciones.[9] Ante esto, el 31 de enero de 2023, y notificada el 1 de febrero de 2023, la Oficina emitió una *Resolución* en la que ordenó,

---

[8] *Vé*ase a modo de ejemplo la notificación de la *Determinación sobre reclamación de la implementación de la revisión de las escalas retributivas* realizada a una de las recurrentes, la ingeniera Shelley Ann Terreforte. Apéndice del *Recurso de Revisión*, págs. 2036-2037.
[9] *Íd.*, págs. 1-1772.

entre otras cosas, la consolidación de las apelaciones por tratarse de controversias idénticas.[10]

Tras varios trámites procesales, el 21 de agosto de 2023, notificada el 23 de agosto de 2023, la Oficina de Apelaciones emitió una *Resolución Final* en la que desestimó las apelaciones por falta de jurisdicción para entender y resolver las alegaciones planteadas por los recurrentes.[11] En síntesis, la Oficina de Apelaciones sostuvo que: (1) la Junta de Gobierno autorizó a la Presidenta Ejecutiva o su representante a suscribir aquellos documentos relativos e incidentales a la aprobación de Resolución Núm. 3202; (2) la Presidenta Ejecutiva tenía la facultad exclusiva de implementar la Resolución Núm. 3202; y (3) la Presidenta Ejecutiva, a través de su Representante Autorizada, la señora López Farla, se limitó a cumplir con lo aprobado por la Junta de Gobierno. Por todo ello, la Oficina de Apelaciones concluyó que la Presidenta Ejecutiva, por medio de la señora López Farla, no tomó ninguna determinación ni realizó ninguna acción. Aduce que simplemente se limitó a cumplir con lo aprobado por la Junta de Gobierno, quien aprobó los cambios a la estructura salarial. Por consiguiente, sostiene que, al no tratarse de una acción de la Presidenta Ejecutiva, las alegaciones de los recurrentes versan sobre una actuación llevada a cabo por la Junta de Gobierno, sobre lo cual la Oficina de Apelaciones carece de jurisdicción.

El 18 de septiembre de 2023, los recurrentes presentaron una *Moción Señalando Defecto y de Reconsideración* en la que sostuvieron que la notificación de la *Resolución final* fue defectuosa por no ser notificada mediante correo regular o correo electrónico, de conformidad con la Ley de Procedimiento Administrativo

---

[10] *Íd.*, págs. 1939-1942.
[11] *Íd.*, págs. 1963-1977.

Uniforme del Gobierno de Puerto Rico, 3 LPRA secs. 9601-9713.[12] También argumentaron que la Oficina de Apelaciones erró al determinar que carece de jurisdicción sobre la materia objeto de las apelaciones presentadas. Indicaron que esto se debe a que la Presidenta Ejecutiva es quien ostenta la autoridad para ejecutar todas las acciones relacionadas con el personal, incluyendo lo relativo a salarios. Asimismo, alegaron que la Resolución Núm. 3302 surgió de una solicitud de la Presidenta Ejecutiva, y dado que se le delegó a ella la responsabilidad de implementar los cambios en la estructura salarial, cualquier acción llevada a cabo por ella o su Representante Autorizado puede ser impugnada ante la Oficina de Apelaciones. Sin embargo, el 8 de noviembre de 2023, archivada en autos y notificada el 10 de noviembre de 2023, la Oficina de Apelaciones la declaró no ha lugar la solicitud de reconsideración.[13]

Inconformes con dicha determinación, los recurrentes presentaron el recurso que nos ocupa. En el mismo, imputan la comisión de los siguientes errores:

1. Erró la Oficina de Apelaciones de la AAA al desestimar las apelaciones presentadas por los recurrentes, por alegada falta de jurisdicción sobre la materia, tras partir de la premisa de que las determinaciones apeladas no fueron producto de una acción de la Presidenta Ejecutiva de la AAA o de su Representante Autorizada.

2. Se indujo a error a los recurrentes y se violó su debido proceso de ley al emitirse una notificación defectuosa por parte del Comité de Revisión, con la advertencia de su derecho a apelar la misma a la Oficina de Apelaciones dentro del término de diez días laborables, pretendiendo dejarlos sin foro para cuestionar una decisión administrativa, tras haberse desestimado los casos y la AAA alegar que concuerda con dicha desestimación.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[12] *Íd.*, págs. 1979-1990.
[13] *Íd.*, págs. págs. 2097-2099.

**-II-**

**A.**

La jurisdicción es el poder o autoridad para considerar y decidir casos y controversias. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 2023 TSPR 26, 211 DPR ____ (2023). Por eso, la falta de jurisdicción incide directamente sobre el poder de un foro para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 2023 TSPR 50, 211 DPR ___ (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal o a una agencia como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los foros el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Allied Mgmt. Group v. Oriental Bank, supra.*

Por consiguiente, un tribunal o una agencia no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, supra; Mun. De San Sebastián v. QMC Telecom*, 190 DPR 652 (2014).

**B.**

Es norma conocida que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Oficina de Ética Gubernamental v. Martínez Giraud*, 210 DPR 79, 88-89. (2022); *Super Asphalt v. AFI y otros*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010). Por estas razones, dichas determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Oficina de Ética Gubernamental v. Martínez Giraud, supra*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). **No obstante, tal norma no es absoluta, por lo que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho**.

Por esa misma línea, en *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> *Los tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar*

*que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.*

Del mismo modo, la Sec. 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA 9675, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), estableció el marco de revisión judicial de las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra.* La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) **si las conclusiones de derecho del ente administrativo fueron correctas.** *Íd.*; *Oficina de Ética Gubernamental v. Martínez Giraud, supra; Torres Rivera v. Policía de PR, supra*; *Nobbe v. Jta. Directores, supra*; Sec. 4.5 de la LPAU, 3 LPRA sec. 9675. Por lo tanto, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Oficina de Ética Gubernamental v. Martínez Giraud, supra*; *Super Asphalt v. AFI y otros, supra.*

Ahora bien, **las determinaciones de derecho pueden ser revisadas en su totalidad**. *Rolón Martínez v. Supte. Policía*, supra, pág. 36; *Torres Rivera v. Policía de PR*, supra, pág. 627; Sec. 4.5 LPAU, 3 LPRA sec. 9675.  No obstante, los tribunales deberán darles peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía, supra*; *Torres Rivera v. Policía de PR, supra.* Esto, pues el Tribunal Supremo ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre

aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales. *Íd.*; *Oficina de Ética Gubernamental v. Martínez Giraud, supra.*

Finalmente, destacamos que el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve.  Lo anterior ya que la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia. *Íd.*

## C.

La Autoridad de Acueductos y Alcantarillados de Puerto Rico (en adelante, Autoridad o AAA) es una corporación pública creada mediante la Ley Núm. 40 del 1 de mayo de 1945, 22 LPRA secs. 141-161. El objetivo principal de la Autoridad es establecer y mantener un sistema de agua potable en todo Puerto Rico. Como parte de sus regulaciones internas, la agencia adoptó el Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados para todos los empleados regulares no cubiertos por convenios colectivos (en adelante, Reglamento de Recursos Humanos). El propósito de este reglamento es garantizar el principio de mérito en todas las transacciones de personal para todos los empleados no cobijados por convenios colectivos. Reglamento de Recursos Humanos, Art. 1.

Cabe resaltar que, la Sección 19.1 del Reglamento de Recursos Humanos establece la Oficina de Apelaciones como el foro apelativo de la AAA. En este contexto, dicha oficina:

> [...] **tendrá jurisdicción** [...] **sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado relacionadas con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esta reglamentación relacionado con los empleados regulares que no estén cubiertos por convenios colectivos.** [...]
>
> El empleado deberá presentar su apelación dentro de los diez (10) días laborables siguientes a la fecha en que se le haya notificado la decisión o acción del Presidente Ejecutivo o su Representante Autorizado. La Oficina de Apelaciones carecerá de jurisdicción para atender reclamaciones presentadas fuera de dicho término. En aquellos casos en que un empleado radique su apelación ante la Oficina de Apelaciones, la Autoridad deberá contestar el escrito de apelación dentro de los diez (10) días laborables siguientes a la fecha en que se les notifique.

(Énfasis nuestro). Íd., Art. 19.2.

En lo que respecta al cargo de Presidente Ejecutivo, el Reglamento de Recursos Humanos lo identifica como la Autoridad Nominadora o cualquier funcionario designado por él para **llevar a cabo actividades vinculadas con la administración de recursos humanos**. Íd., Art. 6, inciso 5.

Por otra parte, la Oficina de Apelaciones vendrá obligada a adoptar reglamentación a los fines de regular sus procedimientos, en concordancia con las disposiciones del Reglamento de Recursos Humanos y la legislación aplicable. Íd., Art. 19.4.

**D.**

En virtud del Reglamento de Recursos Humanos, la Oficina de Apelaciones implementó un conjunto de normativas específicas, conocido como el Reglamento de la Oficina de Apelaciones. Es relevante señalar que el Artículo IV de este reglamento establece lo siguiente:

> Cualquier empleado de carrera de la Autoridad de Acueductos y Alcantarillados de Puerto Rico no cubiertos por convenio colectivo que sea destituido o suspendido de empleo y sueldo podrá apelar esa determinación ante la Oficina. De igual manera, **el empleado podrá cuestionar ante dicha Oficina <u>cualquier acción o decisión del Presidente Ejecutivo o su Representante Autorizado</u> relacionado con valoración de puestos, reclutamiento, ascensos, traslados, descensos, retención, salarios y cualquier otro derecho otorgado por esa reglamentación relacionado con los empleados**

**regulares que no estén cubiertos por convenios colectivos.**

(Énfasis nuestro). Reglamento de la Oficina de Apelaciones, Art. IV.

Sobre la jurisdicción de la Oficina de Apelaciones, el Artículo VIII establece que la agencia tiene jurisdicción para conocer y resolver las apelaciones presentadas ante ella conforme a lo dispuesto en la Sección 19.2 del Reglamento de Recursos Humanos. Asimismo, menciona las circunstancias en las que la Oficina de Apelaciones carece de jurisdicción para intervenir, tales como:

a) en casos de empleados unionados cubiertos por convenios colectivos suscritos entre la Autoridad y sus empleados.

b) en los casos que no se radique en el término que se indica en la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.

c) en los casos en que la controversia no se circunscriba a asuntos contemplados en la Sección 19.2 del Reglamento de Recursos Humanos de la Autoridad de Acueductos y Alcantarillados de Puerto Rico.

Íd., Art. VIII.

**-III-**

En el presente caso, debemos determinar si la Oficina de Apelaciones de la AAA incidió al desestimar las apelaciones presentadas por los recurrentes, bajo el fundamento de no poseer jurisdicción sobre la materia.

Es ampliamente conocido que los tribunales debemos ser deferentes en torno a las decisiones administrativas, pero tal deferencia cederá cuando la determinación no esté basada en evidencia sustancial, **cuando el ente administrativo haya errado en la aplicación de la ley** y cuando la actuación resulte arbitraria, irrazonable e ilegal. *Torres Rivera v. Policía de Puerto Rico*, supra.

Luego de evaluar detalladamente el expediente ante nuestra consideración y el derecho aplicable al caso, encontramos razones que justifican preterir la deferencia que de ordinario debería ser

otorgada a la decisión administrativa de la AAA. En consecuencia, llegamos a la conclusión de que la Oficina de Apelaciones indició en su determinación. Explicamos a continuación.

Según se desprende de los autos, cada uno de los recurrentes recibió una notificación individual sobre el cambio salarial que experimentarían, de acuerdo con los criterios aprobados por la Junta de Gobierno en la Resolución Núm. 3302.[14] Posteriormente, todos los recurrentes solicitaron una revisión administrativa ante un Comité de Revisión creado para esos fines, en la que objetaron el cambio de salario aplicado a sus sueldos actuales. Como respuesta a esas solicitudes, la Directora de Recursos Humanos notificó de manera individual a cada recurrente que sus reclamos no procedían. Asimismo, detalló que, de no estar conforme con la determinación, cada recurrente **tendría derecho a presentar su apelación ante la Oficina de Apelaciones de la AAA**.[15]

Así las cosas, cada recurrente presentó un recurso de apelación ante la Oficina de Apelaciones.[16] Eventualmente, la Oficina de Apelaciones emitió una *Resolución* en la que ordenó la consolidación de las apelaciones debido a que se trataba de controversias idénticas.[17] Sin embargo, tras varios trámites procesales, la Oficina de Apelaciones emitió una *Resolución Final* en la que desestimó las apelaciones por falta de jurisdicción para considerar y resolver las reclamaciones presentadas por los recurrentes.[18] En síntesis, la Oficina de Apelaciones concluyó que la Junta de Gobierno aprobó los cambios a la estructura salarial y que la Presidenta Ejecutiva, a través de la Directora de Recursos

---

[14] *Véase* a modo de ejemplo la notificación realizada a una de las recurrentes, la ingeniera Shelley Ann Terreforte. Apéndice del *Recurso de Revisión*. págs. 2034-2035.

[15] *Véase* a modo de ejemplo la notificación de la *Determinación sobre reclamación de la implementación de la revisión de las escalas retributivas* realizada a una de las recurrentes, la ingeniera Shelley Ann Terreforte. *Id.*, págs. 2036-2037.

[16] *Íd.*, págs. 1-1772.

[17] *Íd.*, págs. 1939-1942.

[18] *Íd.*, págs. 1963-1977.

Humanos, no tomó ninguna determinación ni realizó ninguna acción más allá de cumplir con lo aprobado por la Junta de Gobierno.

Por consiguiente, los recurrentes plantean que la Oficina de Apelaciones erró al desestimar las apelaciones tras partir de la premisa de que las determinaciones apeladas no fueron producto de una acción de la Presidenta Ejecutiva de la AAA o de su Representante Autorizada. Les asiste la razón.

De acuerdo con la Sección 19.1 del Reglamento de Recursos Humanos de la AAA, la Oficina de Apelaciones "[...] **tendrá jurisdicción**... **sobre determinaciones o acciones del Presidente Ejecutivo o su Representante Autorizado relacionadas con valoración de puestos**... **[y] salarios con los empleados regulares que no esten cubiertos por convenios colectivos** [...]". (Énfasis nuestro).

De igual forma, el Artículo IV del Reglamento de la Oficina de Apelaciones establece que el "[...] **el empleado podrá cuestionar ante [la] Oficina [de Apelaciones] cualquier acción o decisión del Presidente Ejecutivo o su Representante Autorizado relacionado con valoración de puestos... [y] salarios... relacionado con los empleados regulares que no estén cubiertos por convenios colectivos.**" (Énfasis nuestro). Asimismo, el Artículo VIII establece que la Oficina de Apelaciones tiene jurisdicción para conocer y resolver las apelaciones presentadas ante ella conforme a lo dispuesto en la Sección 19.2 del Reglamento de Recursos Humanos.

En este caso, la Presidenta Ejecutiva fue quien solicitó a la Junta de Gobierno implementar una revisión de la escala salarial vigente para los empleados no cubiertos por convenios colectivos,

según ciertos términos y condiciones propuestos por ella misma.[19] Más adelante, la Presidenta Ejecutiva, por medio de la Directora de Recursos Humanos y en el ejercicio de sus facultades para realizar actividades vinculadas con la administración de recursos humanos, asignó de manera individual el cambio de salario particular que recibiría cada recurrente de conformidad con la Resolución Núm. 3302. Por lo tanto, **las acciones realizadas por la Presidenta Ejecutiva de la AAA y su Representante Autorizada son asuntos sobre las cuales la Oficina de Apelaciones tiene jurisdicción para intervenir**, de acuerdo con lo establecido en el Reglamento de Recursos Humanos, así como en el Reglamento de la Oficina de Apelaciones.

De otra parte, y debido a nuestra conclusión sobre el primer señalamiento de error, resulta innecesario discutir el segundo error presentado por los recurrentes. La decisión adoptada por la Oficina de Apelaciones constituye una interpretación errónea de su reglamentación. Resolver lo contrario implicaría mantener una interpretación equivocada de las disposiciones de los reglamentos de la AAA, lo que privaría a los recurrentes de un medio para resolver sus reclamos en primera instancia. Por supuesto, nuestra decisión únicamente se limita a establecer que la Oficina de Apelaciones tiene el deber de resolver los recursos presentados por los recurrentes, sin consignar o adelantar criterio alguno sobre los méritos (o ausencia de méritos) de los referidos recursos.

**-IV-**

Por los fundamentos que anteceden, revocamos la determinación administrativa impugnada y se ordena la devolución del asunto a la Oficina de Apelaciones de la Autoridad de Acueductos y Alcantarillados para los trámites correspondientes.

---

[19] *Íd.*, págs. 2021-2023.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones